**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                        No. 01-4516

GEORGE WILSON MCGRAW,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                        No. 01-4517

GEORGE WILSON MCGRAW
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-93-227)

Submitted: May 31, 2002

Decided: June 20, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Tracy Weese, Shepherdstown, West Virginia, for Appellant. Kasey Warner, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

George Wilson McGraw appeals the district court's revocation of his supervised release and related imposition of a twelve-month sentence. McGraw claims that there was insufficient evidence to support a finding that he violated a condition of his supervised release and that the district court erred in failing to specify in its order which state law McGraw violated. We review these challenges for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). After carefully reviewing the record and the district court's order, we conclude that the district court did not abuse its discretion.

The evidence, viewed in the light most favorable to the Government, proved that McGraw placed a telephone call to his ex-wife, Rebecca McCoy, reminding her of his prior threat to return from prison and kill her. McCoy felt sufficiently threatened to call the police to report the threat and request protection. The district court explicitly stated that the issue amounted to a credibility determination and credited the testimony of McCoy and the Government witnesses over McGraw and his witnesses. Because the decision rests upon the district court's credibility determination, its decision may not be disturbed. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

We also conclude that the district court did not err by referencing the violation alleged in the petition for revocation of supervised release instead of reciting the specific violation of state law alleged.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*